# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| EFRAIN CABALLERO,<br><br>    Petitioner,<br><br>    v.<br><br>LARRY SMALL, Warden,<br><br>    Respondent. | No. CV 10-3316 JHN (JCG)<br><br>AMENDED ORDER TO SHOW CAUSE WHY PETITION SHOULD NOT BE DISMISSED |

## I.
## PROCEEDINGS

On May 3, 2010, petitioner Efrain Caballero ("Petitioner"), a California prisoner proceeding *pro se*, filed a Petition for Writ of Habeas Corpus by a Person in State Custody pursuant to 28 U.S.C. § 2254 ("Petition").

On March 9, 2007, Petitioner was convicted in Los Angeles County Superior Court for "murder and attempted murder with use of firearm." (Pet. at 2.) Petitioner was sentenced to 26 years to life imprisonment. (*Id*.) Petitioner subsequently appealed his conviction to the California Court of Appeal on three grounds: (1) prosecutorial misconduct; (2) the trial court's failure to instruct the jury on voluntary manslaughter; and (3) the trial court's failure to instruct the jury

on attempted voluntary manslaughter.  (*Id*. at 2-3.)  On April 21, 2008, the Court of Appeal denied Petitioner's direct appeal.  (*Id.* at 3.)  Petitioner then filed a petition for review in the California Supreme Court, which was denied on June 25, 2008.  (*Id.*)

Petitioner then instituted a full round of state collateral review on his conviction.  On June 1, 2009, Petitioner filed a state habeas petition in Los Angeles County Superior Court, raising two grounds: (1) ineffective assistance of trial counsel; and (2) ineffective assistance of appellate counsel.  (Pet. at 3-4.)  On June 3, 2009, the Los Angeles County Superior Court denied Petitioner's habeas petition.  (*Id*. at 4.)  Petitioner then filed a state habeas petition in the California Court of Appeal on June 20, 2009, which was denied on June 30, 2009.  (*Id.*)  In August 2009, Petitioner filed a habeas petition in the California Supreme Court.  (*Id.*)  However, Petitioner has *yet* to receive a response to his California Supreme Court habeas petition.  (*Id.* at 5.)  Petitioner acknowledges that his habeas petition in the California Supreme Court is "now pending."  (*Id.* at 8.)

The instant Petition is comprised of each of the five grounds raised by the Petitioner on direct appeal and in his state habeas petitions.  (Pet. at 5-6.)

## II.
## DISCUSSION

Under 28 U.S.C. § 2254(b)(1)(A), a federal habeas court may not grant "a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court . . . unless it appears that . . . the applicant has exhausted the remedies available in the courts of the State[.]"  "A petitioner may satisfy the exhaustion requirement in two ways:  (1) by providing the highest state court with an opportunity to rule on the merits of the claim . . . ; or (2) by showing that at the time the petitioner files the habeas petition in federal court[,] no state remedies are still available to the petitioner and the petitioner had not deliberately by-passed the state remedies."  *Sherwood v. Tomkins*, 716 F.2d 632, 634 fn. 1 (9th Cir. 1983)

(quoting *Batchelor v. Cupp*, 693 F.2d 859, 862 (9th Cir. 1982), *cert denied*, 463 U.S. 1212 (1983) (citations omitted)) (internal quotation marks omitted).

Thus, "[w]hen . . . an appeal of a state criminal conviction is pending, a would-be habeas corpus petitioner must await the outcome of his appeal before his state remedies are exhausted, even where the issue to be challenged in the writ of habeas corpus has been finally settled in the state courts." *Sherwood*, 716 F.2d at 634; *see also Schnepp v. Oregon*, 333 F.2d 288, 288 (9th Cir. 1964) (*per curiam*) (state remedies not exhausted if a state post-conviction proceeding is pending).

As the Ninth Circuit cogently explained, even if the federal constitutional question raised by the habeas petitioner cannot be resolved in a pending state appeal, that appeal may result in the reversal of the petitioner's conviction on some other ground, thereby mooting the federal question. *Davidson v. Klinger*, 411 F.2d 746, 747 (9th Cir. 1969) (*per curiam*).

Petitioner acknowledges that he is currently awaiting adjudication on his habeas petition to the California Supreme Court. (Pet. at 8.) Since Petitioner retains a pending state action which may moot or otherwise affect his alleged constitutional claims before this Court, he must await the outcome of that action before presenting his claims in federal court. The California Supreme Court must be afforded the opportunity to remedy any alleged constitutional violations in the first instance. *See Sherwood*, 716 F.2d at 634; *see also Schnepp*, 333 F.2d at 288; *Craft v. Sisto*, 2008 WL 906438, at *2 (C.D. Cal. Apr. 1, 2008); *Fordjour v. Ayers*, 2007 WL 1795723, at *1-2 (N.D. Cal. June 20, 2007); *Kilgore v. Malfi*, 2007 WL 1471293, at *2-3 (N.D. Cal. May 17, 2007).

## III.

## ORDER

Accordingly, within **thirty (30)** days of the date of this Order, Petitioner is **ORDERED TO SHOW CAUSE**, in writing, why this action should not be dismissed for the reasons stated above. Petitioner is forewarned that his failure to

timely file a response to this Order to Show Cause will be deemed by the Court as consent to the dismissal without prejudice of this action.

DATED:   May 17, 2010

_____
Hon. Jay C. Gandhi
United States Magistrate Judge